**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**FREDERICK D. BUNTIN,**

      **Plaintiff,**

**vs.**                                    **Case No. 4:07cv121-RH/WCS**

**WARDEN, RECEPTION
MEDICAL CENTER,**

      **Defendant.**

_____/

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, a *pro se* inmate, attempted to initiated this civil rights action,[1] doc. 1, in March, 2007.  Because Plaintiff did not pay the filing fee or submit an *in forma pauperis* motion, an order was entered on April 12, 2007, directing Plaintiff to remedy that deficiency.  Doc. 5.  Plaintiff was directed to either submit the $350.00 filing fee for this case or file an *in forma pauperis* motion, accompanied by the required inmate bank account information.  *Id.*  Plaintiff had until April 17, 2007, to comply with that Order.

---

[1] The complaint Plaintiff submitted was on form used by federal inmates pursuant to 28 U.S.C. § 1331 or § 1346.  Doc. 1.  Because Plaintiff is a state prisoner and is attempting to sue a state defendant, Plaintiff should have used a complaint form under 42 U.S.C. § 1983.  Plaintiff's amended complaint, doc. 4, is on a § 1983 complaint form.

Additionally, because Plaintiff has also attempted to initiated several other civil cases, each of which would cost Plaintiff another $350.00 filing fee, he was directed to respond to the Order and clarify whether it was appropriate to consolidate any of his cases.  Doc. 7.  Alternatively, he was directed to file a notice of voluntary dismissal if he did not wish to pursue this litigation.  *Id.*  Plaintiff has not responded to any court orders and the deadline for doing so has now passed.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute.  <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).  Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.  <u>Moon v. Newsome</u>, 863 F.2d 835, 838 and cases cited (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).  Plaintiff was warned that if he failed to comply, the Court might order this dismissal of his case.  Docs. 5 and 7.

Since Plaintiff has failed to comply with court orders and has not made an attempt to prosecute this case, this action should now be dismissed without prejudice.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for Plaintiff's failure to comply with court orders and for his failure to prosecute this case.

**IN CHAMBERS** at Tallahassee, Florida, on May 31, 2007.


 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**